[Wallace *v.* McElevy.]

## Wallace *versus* McElevy.

1. The former owner of a note, who has transferred it by delivery, without indorsement, is a witness for the maker, to prove that the plaintiff holds it in trust for the use of the witness, and that the maker has paid the amount in full, to the party entitled in equity to receive it.

2. An erasure, or interlineation, in a deposition, which is shown to have existed at the time the commission was returned, and opened by the prothonotary, will be presumed to have been made with the knowledge and consent of the witness, at the time his testimony was taken.

3. The decision of the court below, that an interlineation, or erasure, in a deposition, was made with the consent of the witness, is the determination of a fact, which will not be reversed on a writ of error, except where the paper-book shows that clear and undoubted evidence, tending to repel the presumption, was laid before the court.

4. Where a commission is returned by a person, of the same name with the commissioner to whom it was directed, there is a presumption of identity, and the decision of the court below, on that question, will not be reversed, except where clear evidence, tending to prove the contrary, has been laid before them.

5. If an answer to an interrogatory contain a detail of facts, which the opposite party did not anticipate, and touching which, he was not prepared to file cross-interrogatories, the objection lies to the form of the interrogatory, and not to the extent of the answer, and is too late, after the party objecting has joined in the commission, and filed cross-interrogatories.

6. If injustice is likely to arise, from the manner of executing a commission to take testimony, the court below, in a proper case, will, on application, suppress the deposition, or award a new commission.

ERROR to the Court of Common Pleas of *Lawrence county.*

Assumpsit by plaintiff in error, on a note, of which the following is a copy:

"$700.   Sixty days after date, I promise to pay to the order of E. Sankey, at the Exchange Bank, Pittsburgh, seven hundred dollars, without defalcation, for value received.   July 7, 1845.

R. W. M'ELEVY."

Endorsed, "E. Sankey."

Plea, Non-assumpsit, with leave to give the special matters, &c.

The note was proved, and read in evidence.

The defendant then gave in evidence a notice served upon plaintiff, of which the following is a copy. "You will take notice that the defendant will prove, on the trial of the above entitled cause, that Richard Mills was the holder of the note upon which suit in this case is brought, having purchased the same from Sibbet & Jones, brokers, in Pittsburgh, and that afterwards, and while said Mills was the holder thereof, at your request, he gave you said note to be used by you as a set-off against a certain claim which Ezekiel Sankey held against you,

[Wallace *v.* McElevy.]

and if collected in that way, you agreed to account to him, said Mills, for the amount thereof.

"Defendant will also prove that the amount of said note was never paid by you, to said Mills, nor any part thereof, and that you have no interest in said note, and are prosecuting this suit, for the recovery thereof, against the express consent and instruction of said Mills, and other matters, which will fully show that you are not entitled to recover the amount of the note off defendant. You are therefore notified and required to prove on the trial of said cause, the time, manner, and from whom you obtained the note, upon which you have brought suit in this case, and what consideration, if any, you gave or paid for the same."

Defendant then offered to prove the allegations in the foregoing notice, by the deposition of Richard Mills. Plaintiff objected, that these matters were not receivable under the pleas upon the records, and if so at all, only under a plea in abatement.

Plaintiff further objects, that the allegations, if true, would convert the plaintiff into a trustee; and defendant having no defence against him, Mills, cannot set up the interest of the *cestui que trust*, against the legal title.

Plaintiff further objects to the reading the deposition; that it was not properly executed, and that there was an erasure in a material part, which did not appear to have been made at the time, and with the knowledge and consent of the witness.

Plaintiff further objected, to the answer to second interrogatory, in said deposition, as not responsive to the question. Plaintiff further objected, that the witness, Richard Mills, claiming to be the owner of the note, and so alleged by defendant, was incompetent, as well on the grounds of interest as policy. All these objections were overruled, and are brought here for decision.

————, for plaintiff in error, referred to *Beltzhoover* v. *Blackstock*, 3 W. 27 ; *The Society for the Propagation of the Gospel in Foreign Parts* v. *The Town of Pawlet and Ozias Clark*, 4 Pet. 501 ; 1 Sup. U. S. Dig. 7 ; Nos. 144 and 145, to same point. See also, 2 W. & S. 209, *Irwin* v. *Lumberman's Bank ; Jordan* v. *Davis*, 5 Wh. 338 ; 1 Pet. 355, 356.

*Watson* and *Stewart*, for defendant in error, referred to *Maynard* v. *Nekervis*, 9 B. 81 ; *Guliford* v. *Skinner*, Ib. 334 ; *Heffelfinger* v. *Shutz*, 16 S. & R. 44.

The opinion of the court was delivered October 11, 1852, by LEWIS, J.—It seems to have been settled, that the former owner of a note, who has transferred it by delivery, without indorsement, is a witness for the maker, to prove that the plain-

tiff received it in trust for the use of the witness, and that the maker has paid the amount in full, to the party entitled in equity to receive it.　9 Barr, 81 ; Ib. 334.

An erasure, or interlineation, in a deposition, which is shown to have existed at the time the commission was returned to, and opened by the prothonotary, will be presumed to have been made with the knowledge and consent of the witness, at the time his testimony was taken.　The decision of the court below, in accordance with this presumption, is the determination of a question of fact, which will not be reversed on a writ of error, except where the paper-book shows that clear and undoubted evidence, tending to repel the presumption, was laid before the court.

Where a commission is returned by a person of the same name with the commissioner to whom it was directed, there is a presumption of identity, and the decision of the court below, on that question, will not be reversed here, except under circumstances already indicated, in what has been said respecting an erasure, or interlineation.　An answer, which notes all the material circumstances, relative to the plaintiff's right to the note on which the action is founded, is responsive to an interrogatory, requesting the witness to "state all that he knows about the note."　If the answer contains a detail of facts, which the opposite party did not anticipate, and touching which he was not prepared to file cross-interrogatories, the objection lies to the form of the interrogatory, and not to the extent of the answer.

An objection to the form of an interrogatory, comes too late, after the party objecting has joined in the commission, and filed cross-interrogatories.

If injustice is likely to arise, from the manner of executing a commission to take testimony, the court below, in a proper case, will, on application, suppress the depositions, or award a new commission.　An objection of this kind, which is delayed until the time of the trial, and then urged, not for the purpose of obtaining in a proper manner, the material testimony in the case, but where the effect is to exclude it entirely, and to obtain a verdict in its absence, should be viewed with disfavor by the courts.

The errors assigned are not sustained, and the judgment is to be affirmed

　　　　　　　　　　　　　Judgment affirmed.